UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN A. ZABALA,<br><br>                Plaintiff,<br><br>  vs.<br><br>FRANK T. ROGERS, NOAH STEWART, OKANOGAN COUNTY, STEVEN M. CLEM, W. GORDON EDGAR and DOUGLAS COUNTY,<br><br>                Defendants. | NO. 4:15-cv-05056-JLQ<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

     BEFORE THE COURT is Plaintiff's Motion for Reconsideration, noted for hearing without oral argument on September 8, 2015, ECF No. 8. Plaintiff, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

     Because no final judgment has been entered in this case, the Court liberally construes the Motion as one for revision under Fed. R. Civ. P. 54(b). It was considered without oral argument on the date signed below.

     By this Motion, Plaintiff challenges the Court's screening Order filed July 28, 2015, ECF NO. 7. Plaintiff contends that he is **not** asserting an access to court claim under *Lewis v. Casey,* 518 U.S. 343(1996). Rather, he claims that he has a state created due process right to a law library at a county jail as recognized by this Court in *Brown v. Manning*, 630 F. Supp. 391 (E.D. Wash. 1985).

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

In *Brown,* this Court determined that *Bounds v. Smith,* 430 U.S. 817 (1977) applies to local jails and that inmates confined for more than three days must be provided with adequate law library or legal assistance. Unlike Plaintiff, the inmates in *Brown* asserted interference with their ability to file writs of habeas corpus or civil rights complaints. Furthermore, the portion of *Brown* finding a state created liberty interest has been criticized for failing to distinguish between freedom interests and the day-to-day administrative issues arising in the prison (or jail) context. *See Williams v. McClain* 708 F.Supp. 1086, 1088 n. 1(W.D. Mo. 1989).

Since *Brown*, the U.S. Supreme Court has recognized that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Despite Plaintiff's assertion to the contrary, his claims implicate a right of access to the courts. Therefore, he must first establish that he has standing to sue by alleging that the impediments at the county jail caused him to suffer some actual injury. *Casey*, 518 U.S. at 351–55 . Because Plaintiff has not offered any facts showing that the jail's policies have caused him actual injury, he has not shown standing to bring this claim.

Again, Plaintiff makes no assertion that he was denied access to a court appointed attorney. *See United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir.1982) (the offer of court-appointed counsel satisfies the constitutional obligation to provide meaningful access to the courts, even where detainee is denied pretrial access to a law library); *Lewis v. Casey*, 518 U.S. at 350-51(prisoners have no per se right to a law library). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. at 351.

Liberally construing Plaintiff's submission, the Court finds no basis warranting

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

reconsideration or revision of the Order directing Plaintiff to amend or voluntarily dismiss. The Court is unpersuaded by Plaintiff's assertion that *Sandin v. Conner*, 515 U.S. 472 (1995) does not apply to his due pro cess claim. *See Carlo v. City of Chino*, 105 F.3d 493, 498 n. 1 (9th Cir. 1997)("*Mitchell* [*v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996)]holds that pretrial detainees' liberty interests arising directly out of the Constitution are governed by *Bell v. Wolfish* [441 U.S. 520, 545 (1979)]. It further holds that in some pretrial detainee cases *Sandin* will apply to determine whether a state law creates a liberty interest protected by the Fourteenth Amendment).

There fore, **IT IS ORDERED** Plaintiff's Motion, ECF No. 8, is **DENIED.** Plaintiff's deadline to amend or voluntarily dismiss his complaint was September 28, 2015. Plaintiff did not comply with this deadline. Because Plaintiff is proceeding *pro se* and it is reasonable that Plaintiff was awaiting disposition of this Motion, **IT IS ORDERED** the District Court Executive shall **EXTEND** the deadline to amend or voluntarily dismiss until **October 28, 2015.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff. The District Court Executive shall terminate the motion hearing and re-set the deadline to amend or voluntarily dismiss.

**DATED** this 1st day of October, 2015.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION -- 3